1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

JOHN WINTER,

CASE NO. 07 CV 0577 JM (AJB)

12

Plaintiff,

**ORDER GRANTING IN PART JUDGMENT ON THE PLEADINGS**

vs.

13

I.C. SYSTEM INC., L. NELSON, et al.,

14

Defendants.

15
16

Plaintiff asserts claims for violation of (1) the Fair Debt Collection Practices Act (the

17

"FDCPA" or the "Act"), (2) California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal

18

Act"), and (3) California Business & Professions Code § 17200; (4) declaratory relief; (5) injunctive

19

relief; and (6) rescission.  Defendants I.C. System and Lynn Nelson move for judgment on the

20

pleadings under Federal Rule of Civil Procedure ("FRCP") 12(c).  Defendants argue that Plaintiff's

21

claims are time-barred and preempted, and that no circumstances exist under which Plaintiff can state

22

a viable claim.  Plaintiff filed a timely opposition and Defendants a timely reply.   For the reasons set

23

forth below, the court **GRANTS** judgment on the pleadings as to the FDCPA and Rosenthal Act

24

claims and **DECLINES** to exercise supplemental jurisdiction as to the remaining claims.

25

**I.      BACKGROUND**

26

Plaintiff initially filed his complaint in California state court on February 14, 2007.

27

Defendants removed the case on March 29, 2007 and filed answers on April 25, 2007.  The following

28

facts are taken from the complaint and are assumed to be true only for the purpose of reviewing the

1    motion for judgment on the pleadings.

2        In 2001, Plaintiff lived in an apartment complex whose management had an exclusive

3    television service agreement with Direct TV.  Plaintiff purchased Direct TV equipment as a result.

4    An independent reseller provided Direct TV services to the apartment complex.  After installing the

5    Direct TV equipment and service, Plaintiff moved.  He believed that he had complied with the

6    requirements for terminating his service, but he later learned that his credit report contained a

7    "derogatory item" indicating he owed approximately $206 to Direct TV. Plaintiff believes this alleged

8    debt stemmed from a charge for a satellite converter box – "a charge he did not contract for and never

9    agreed to incur."  (Compl. at 4.)

10       The item was listed as a collection account under Defendant I.C. System's name.  Plaintiff

11   contacted I.C. System by letter and mail on numerous occasions, including a communique in which

12   Plaintiff "asked that they agree to resolve the matter by admitting that it was the result of a simple

13   breakdown in communications." (Compl. at 5.) Defendant Nelson, acting for I.C., "refused to either

14   waive the debt or remove it from [Plaintiff's] credit reports."  (Id.)  Plaintiff contacted the consumer

15   credit reporting agencies to challenge the accuracy of the debt, but I.C. told them the debt was valid

16   and owed.  Plaintiff believes the dissolution of the Direct TV reseller explains I.C.'s inability to locate

17   records to verify the debt.

18       Plaintiff alleges that he has been damaged because his job requires high-level government

19   security clearance, and the I.C. credit report entry causes him difficulty during his annual reviews.

20   The credit entry also created added credit costs when he attempted to use his credit for purchases.

21   "Under this extreme duress, and wishing to purchase a home, [Plaintiff] contacted Mr. Nelson and

22   made arrangements to pay the account in full . . . confirming in the process that payment of the debt

23   did not constitute an admission that the debt was valid."  (Compl. at 6.)

24       After Plaintiff attempted to arrange financing to buy a home in October 2006, he learned that

25   his credit report was lower than he had expected, and he believes the I.C. collection account was the

26   only item that could have explained this score.  His attorney contacted Defendants and disputed the

27   debt, seeking to have the debt removed.  Defendants refused to remove it.

28       I.C. Systems has never reported the debt to credit reporting agencies as a "disputed debt,"

although Plaintiff's attorney "made it quite clear to IC that [Plaintiff] did indeed dispute the debt – as he had made clear all along." (Compl. at 7.) Further, I.C. did not verify the debt "in compliance with the FDCPA," and "continued to list it on [Plaintiff's] credit report – an act of debt collection – into 2007." (Id.) For instance, when Plaintiff attempted to refinance his car on January 8, 2007, the I.C. item was still on his credit report.

## II.    DISCUSSION

### A.    Legal Standards for a Rule 12(c) Motion for Judgment on the Pleadings

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. See FRCP 12(c). As with a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and must construe all inferences reasonably drawn from the allegations in favor of the responding party. See General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Thus, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. General Conference Corp., 887 F.2d at 230.

### A.    Claims for Violation of the FDCPA and Rosenthal Act

#### 1.    Statutory Framework

The FDCPA prohibits false or deceptive practices in connection with the collection of debts. 15 U.S.C. § 1692 et seq. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Given its remedial nature, courts must construe the Act broadly to effect its purposes. Clark v. Capital Credit & Collection Serv., Inc., 460 F.3d 1162, 1176 (9th Cir. 2006). Any action under the FDCPA must be brought within one year from the date of the violation. 15 U.S.C. § 1692k(d).

The Rosenthal Act establishes liability under California law for violations of the FDCPA. Cal.

Civ. Code § 1788.17.  Like the FDCPA, any action under the Rosenthal Act must also be brought within one year from the date of the violation.  Cal. Civ. Code § 1788.30(f).

In his claims for violation of the FDCPA and the Rosenthal Act, Plaintiff alleges that Defendants violated three provisions of the FDCPA: §§ 1692e(2)(A), 1692e(8), and 1692f(1).

**15 U.S.C. § 1692e(2)(A).**  Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Violations of this section include the false representation of "the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A).  Plaintiff alleges that Defendants violated § 1692e(2)(A) "by representing in October 2006 that the debt amount, as reported in the credit reporting agencies, was correct[.]" (Compl. at 9.)

**15 U.S.C. § 1692e(8).**  Violations of § 1692e also include "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  15 U.S.C. § 1692e(8).

Plaintiff alleges that Defendants violated § 1692e(8) "by reporting derogatory credit information out on plaintiff that was incorrect even into the year 2007, without reporting that the debt was disputed."  (Compl. at 9.)

**15 U.S.C. § 1692f(1).**  Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  A debt collector violates this section by, in relevant part, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  Plaintiff alleges that Defendants violated § 1692f(1) "by representing that plaintiff owed the IC account owed above and collecting that amount from him."  (Compl. at 9.)

## 2.    Analysis of Plaintiff's Claims

Defendants argue that the claims for violation of the FDCPA and the Rosenthal Act are time-barred by each act's statute of limitations.  According to Defendants, the FDCPA and Rosenthal Act ceased to regulate Defendants' conduct once Plaintiff paid his debt in full in December 2004, since Defendants allegedly were no longer engaged in debt collection activities.  Thus, Plaintiff had to raise

07cv0755

1    any claims under these acts no later than December 2005.  Plaintiff filed his complaint on February

2    14, 2007.

3            At the outset, the court notes that Plaintiff's complaint does not allege <u>when</u> Plaintiff paid his

4    debt in full.  Defendants claim that Plaintiff "concedes that he paid in full the amount owed . . . in

5    2004" (Mot. for J. on Pldgs. at 6), but the complaint contains no such concession.  Nevertheless, at

6    the February 1, 2008 hearing on this motion, Plaintiff conceded that he did pay the debt in full in

7    December 2004.  The court will take this admission into consideration in ruling on the instant motion.

8            In support of their claim that the FDCPA and Rosenthal Act cease to apply once a debt is paid

9    in full, Defendants cite <u>Posso v. Asta Funding Inc.</u>, 2007 WL 3374400 (N.D. Ill. 2007).  In <u>Posso</u>, the

10   court held that the FDCPA does not apply to actions taken by a debt collector after the debt collection

11   process has been terminated.  <u>See id.</u> at *3 (debt collection proceedings had concluded when debtor

12   paid portion of debt pursuant to settlement and remainder was cancelled).  "When a debt is

13   extinguished there is no debt and there can be no debt collection.  Consequently, any action by a

14   former debt-collector, however improper, could not be deemed to be 'in connection' to a present debt

15   collection proceeding."  <u>Id.</u>  The <u>Posso</u> court arrived at this conclusion based on the plain language

16   of the FDCPA and congressional intent.

17           Plaintiff disputes this characterization.  He claims that the FDCPA covers "any reporting of

18   credit information to a credit reporting agency" and "do[es] not distinguish between credit reporting

19   on paid and unpaid debts." (Pltf.'s Oppo. at 7.)  Plaintiff cites the Rosenthal Act, an informal Federal

20   Trade Commission advisory letter dated March 20, 1998, and <u>Finnegan v. University of Rochester</u>

21   <u>Med. Center</u>, 21 F. Supp. 2d 223, 238 (W.D.N.Y. 1998), a case in which the plaintiff had not paid the

22   debt in full.  At the hearing on this motion, Plaintiff conceded that his claims under §§ 1692e(2)(A)

23   and 1692f(1) are time-barred, and limited his argument to his claim for violation of § 1692e(8).

24           The court agrees with the reasoning of the <u>Posso</u> court and finds that Plaintiff cannot allege

25   a claim for violation of the FDCPA based on conduct occurring after he paid his debt in full, even if

26   he paid under protest.  The authorities cited by Plaintiff do not contradict this conclusion.  Several

27   courts of appeal have explicitly held that "[a] threshold requirement for application of the FDCPA is

28   that the prohibited practices are used in an attempt to collect a 'debt.'" <u>Zimmerman v. HBO Affiliate</u>

1   Group, 834 F.2d 1163, 1167 (3d Cir. 1987); see also Brown v. Budget Rent-A-Car Sys., 119 F.3d 922,

2   924 (11th Cir. 1997); Mabe v. G.C. Servs. Ltd. Partnership, 32 F.3d 86, 88 (4th Cir. 1994).  As the

3   Posso court said, this threshold requirement is a result of the clear language of the FDCPA, which

4   regulates "abusive debt collection practices," 15 U.S.C. § 1692(e).  Further, as Defendants noted at

5   the hearing on this motion, the FDCPA defines "debt" as "any obligation or alleged obligation of a

6   consumer to pay money . . . ."  15 U.S.C. § 1692a(5).  This definition makes clear that the FDCPA

7   does not apply once a consumer is no longer obligated to pay a debt.  Consistent with these provisions,

8   the sole FDCPA subsection on which Plaintiff ultimately relies simply does not lend itself to

9   application to post-collection activities.  See 15 U.S.C. §§ 1692e (regulating actions "in connection

10   with the collection of any debt").

11          Therefore, Plaintiff failed to allege timely claims for violation of the FDCPA and the Rosenthal

12   Act.  In light of the one-year statutes of limitations, Plaintiff cannot allege timely claims if granted

13   leave to amend.  The court accordingly **GRANTS** Defendants' motion for judgment on the pleadings

14   as to the FDCPA and Rosenthal Act claims and **DENIES** leave to amend.

15          **B.      Claims for Declaratory Relief, Injunction, Violation of § 17200, and Rescission**

16          Defendants also argue that federal law preempts Plaintiff's remaining claims: declaratory

17   relief, injunctive relief, violation of § 17200, and rescission.  Plaintiff concedes that federal law

18   preempts his claims for injunctive relief and violation of § 17200, but argues that federal law does not

19   preempt his remaining claims.

20          Federal jurisdiction in this case is premised on the existence of a federal question.  See 28

21   U.S.C. § 1331.  Because the court has granted judgment on the pleadings in favor of Defendants as

22   to the claim for violation of the FDCPA, the complaint contains no remaining federal claims.  The

23   court therefore declines to exercise supplemental jurisdiction over Plaintiff's state-law claims for

24   declaratory relief,[1] injunctive relief, violation of § 17200, and rescission.  Accordingly, the court

25   **DECLINES** to rule on the motion for judgment on the pleadings in regard to these claims.

26   _____

27          [1]Plaintiff's complaint does not make clear whether the declaratory relief claim arises under
     state or federal law.  Even if the claim arises under federal law, it does not support federal jurisdiction.
28   See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (on its own, Declaratory
     Judgment Act, 28 U.S.C. § 2201, does not provide basis for federal jurisdiction).

1  **III.    CONCLUSION**

2          For the foregoing reasons, the court hereby **GRANTS** Defendants' motion for judgment on

3  the pleadings as to the FDCPA and Rosenthal Act claims, without leave to amend.  The court further

4  **DECLINES** to rule on the motion as to the remaining claims.  The Clerk is instructed to close the file.

5          **IT IS SO ORDERED.**

6  **DATED:  February 5, 2008**

7                                                                                          _____

8                                                                                          **Hon. Jeffrey T. Miller**
                                                                                            **United States District Judge**

9  cc:              All parties

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28